LOVE, J.,
dissents and assigns reasons.
|,I respectfully dissent from the majority in that I find the State failed to establish “lack of consent,” an element of simple battery, beyond a reasonable doubt. “While delinquency proceedings may in many ways implicate criminal proceedings, sometimes even mimicking them, they are nonetheless civil in nature ... Because delinquency proceedings are not criminal proceedings, the scope of review in Louisiana extends to both law and facts.” State ex rel D.R., 10-0405, p. 5 (La.App. 4 Cir. 10/18/10), 50 So.3d 927, 930 (citations omitted). Thus, on appellate review, this Court applies the clearly wrong or manifest error standard of review in juvenile cases. Id., 10-0405, p. 9, 50 So.3d at 932. Additionally, “in order for the court to adjudicate a child delinquent, the state must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition.” La. Ch.C. Art. 883.
The trial court adjudicated C.J. a delinquent for two counts of simple battery, a violation of La. R.S. 14:35. Lack of consent is an element of the offense and pursuant to La. Ch. C. Art. 883 must be established beyond a reasonable doubt. The State claims that under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standards the circumstantial evidence, namely Mr. Estopinal’s testimony, was sufficient for the trial court to adjudicate C.J. a delinquent.
LThe only evidence presented was that of Mr. Estopinal, who admitted that he had no knowledge of the interaction among the juveniles. He was only able to testify as to his observations, but could not state what led to the interaction or what may have provoked it. He testified that at the time he was trying to supervise all the juveniles and prepare for group therapy. Thus, Mr. Estopinal’s speculating that “nothing that particular day” incited the incident simply because he did not observe anything falls short of the beyond a reasonable doubt burden of proof. Additionally, although immediately after the victims complained about the slaps, neither filed a complaint nor provided a statement to the arresting officer. Likewise, neither victim testified at trial to offer an account of what led or may have provoked the incident.
I find Mr. Estopinal’s testimony alone insufficient to establish beyond a reasonable doubt that the alleged battery was committed without consent. For these reasons, I find the trial court erred in adjudicating C.J. a delinquent for two counts of simple battery. Considering I find the evidence insufficient to prove beyond a reasonable doubt simple battery, I find the disposition hearing issue moot.